THE STATE OF OHIO, APPELLEE, *v.* LEWIS, APPELLANT.

[Cite as State v. Lewis (1973), 35 Ohio App. 2d 218.]

(No. 73AP-241—Decided July 24, 1973.)

*Mr. George C. Smith,* prosecuting attorney, and *Mr. Miles C. Durfey,* for appellee.

*Mr. Roy F. Martin,* director of The Legal Aid & Defender Society, and *Mr. Richard H. Ferrell,* for appellant.

*Per Curiam.* This appeal is before the court upon the motion of defendant, the appellant herein, for an order that the transcript of proceedings herein transcribed on videotape be transcribed into written form at state expense. Plaintiff, the appellee herein, does not oppose the motion.

We can well understand the vexation of the attorneys who have been furnished only audio cassette recordings of the proceedings. However, the transcript of proceedings in this case is the videotape record. Sup. R. 10 specifically provides that:

"Proceedings in any court which are recorded on videotape need not be transcribed into written form for the purposes of appeal. The videotape recording constitutes the transcript of proceedings as defined in App. R. 9(A) and Sup. R. 15(H)(3). A transcript of proceedings transcribed on videotape shall be transmitted in its entirety as a part of the record."

This has been accomplished in this case and the videotape transcript of proceedings has been transmitted to

the clerk of this court. Thus, defendant has been provided with a transcript of proceedings at state expense and has also been supplied with the audio cassette. An indigent defendant is not entitled to multiple copies of the transcript of proceedings. *State, ex rel. Vitoratos,* v. *Walsh* (1962), 173 Ohio St. 467; *State, ex rel. Vitoratos,* v. *Morris* (1970), 22 Ohio St. 2d 3. In *Walsh,* it is stated, in the *per curiam* decision, at page 468:

"* * * Neither the statutes nor the decision in *State* v. *Frato, supra* [168 Ohio St. 281], requires that the state furnish a copy of such a transcript of testimony to the parties in addition to the one which of necessity must be filed in the Court of Appeals. Due process requires only that an indigent defendant may not be hampered in his appeal through lack of a bill of exceptions. It does not require the furnishing of multiple copies of such bills of exceptions at the expense of the state."

Sup. R. 15(D)(3) provides that:

"In lieu of requesting a copy of the transcript of proceedings, or portion of it, a party may view the transcript of proceedings on file with the clerk of the trial court or the clerk of the court of appeals as may be applicable."

In accordance therewith, this court will provide facilities for counsel to view the transcript of proceedings at the courthouse without expense.

It is true that Sup. R. 15(H)(5) contemplates that a transcript of proceedings may be reproduced "either in the same medium as the original or in any authorized medium of reproduction." However, Sup. R. 15(D)(4) provides that "Reference to a particular portion of a transcript of proceedings on videotape shall include reference to the event, the number of the reel of tape on which it is recorded, and the elapsed time counter reading." Compliance with this requirement would be most difficult from a written transcription of a videotape transcript of proceedings.

The use of a videotape transcript of proceedings is new. We are engaged in a pilot program to ascertain the advantages and disadvantages thereof. Beyond question, it

requires more time, both for counsel and the court, to view a videotape transcript of proceedings than it does to read a written transcript of proceedings. However, with the videotape transcript there is a log indicating the time when motions and objections were made and when witnesses testified, etc. Also, an appellant's counsel may confer with trial counsel with respect to possible errors that may have occurred. Also, most frequently, written transcripts of proceedings omit portions of the proceedings such as voir dire of the jury, opening statements, and closing argument. In all situations where these need not be transcribed into a written transcript, they need not be viewed on a videotape transcript.

It does take time for one to adjust to a new medium with which he is not familiar as a substitute for one with which he is familiar. Adjustments are necessary in using a videotape transcript. However, the fact that adjustments are necessary does not require the abandonment of this pilot program at this early state, which is substantially the effect of defendant's request. We would hope, and expect, that with experience in the use of this new medium, much of the time required during the period of adjustment may be eliminated. We do sympathize with counsel attempting to utilize audio cassettes only and suggest that they view the videotape transcript on file with the clerk of this court.

However, in view of the length of the transcript, approximately 21 hours, time for the filing of defendant's brief is extended to August 15, 1973. This constitutes an extension of four weeks for the filing of such brief which should be an adequate time for viewing the pertinent portions of the transcript and preparing a brief. This extension of time should not be viewed by counsel as routine in all cases where there is a videotape transcript, but is granted in this case in light of the unusual circumstances and the extraordinary length of the transcript.

The motion for a written transcript is overruled.

*Motion overruled.*

Troop, P. J., Strausbaugh and Whiteside, JJ., concur.